People v McMullen (2024 NY Slip Op 00545)

People v Mcmullen

2024 NY Slip Op 00545

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, OGDEN, AND DELCONTE, JJ.

948 KA 20-00691

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIAM L. MCMULLEN, IV, DEFENDANT-APPELLANT. 

ANDREW G. MORABITO, EAST ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Christopher S. Ciaccio, J.), rendered December 12, 2019. The judgment convicted defendant upon his plea of guilty of aggravated harassment of an employee by an inmate (two counts). 
It is hereby ORDERED that said appeal is unanimously dismissed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of two counts of aggravated harassment of an employee by an inmate (Penal Law former § 240.32), defendant contends that his waiver of the right to appeal is invalid and thus that his contention concerning the severity of his sentence is properly before us. " 'Because defendant has completed serving the sentence imposed, his contention that the sentence is unduly harsh and severe has been rendered moot' " (People v Bald, 34 AD3d 1362, 1362 [4th Dept 2006]; see People v Seppe, 188 AD3d 1716, 1716 [4th Dept 2020]). We therefore need not reach defendant's contention with respect to the alleged invalidity of the waiver of the right to appeal.
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court